UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA. PETTIGNANO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.; APPLE, INC.; BARNES AND NOBLE, INC; GOOGLE, INC.; KOBO, INC.; and SONY CORPORATION OF AMERICA;<br><br>    Defendants. | Cause No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Melissa Pettignano, by and through counsel, hereby complains of Defendants as follows:

## **PARTIES**

1. Ms. Pettignano is an individual residing in New Jersey.

2. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware Corporation with a principle place of business in this judicial district at 410 Terry Ave N, Seattle, WA 98109-5210.

3. Upon information and belief, Amazon.com is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("e-book") format, to customers throughout the world including within this judicial district.

4. Upon information and belief, Defendant Apple, Inc. ("Apple") is a California Corporation with a principle place of business at 1 Infinite Loop, Cupertino, CA 95014.

5. Upon information and belief, APPLE, INC., is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("ibook") format, to customers throughout the world including within this judicial district.

6. Upon information and belief, Defendant BARNES AND NOBLE, INC. ("Barnes and Noble") is a Delaware Corporation with a principle place of business at 122 Fifth Avenue, New York NY 10011.

7. Upon information and belief, Barnes and Noble is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("e-book") format, to customers throughout the world including within this judicial district.

8. Upon information and belief, Defendant GOOGLE, INC. ("Google") is a Delaware Corporation with a principle place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

9. Upon information and belief, Google is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("e-book") format, to customers throughout the world including within this judicial district.

10. Upon information and belief, Defendant KOBO, INC. ("Kobo") is a Canadian Corporation with a principle place of business at 135 Liberty St., Suite 10, Toronto, M6K 1A7 Canada.

11. Upon information and belief, Kobo is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("e-book") format, to customers throughout the world including within this judicial district.

12. Upon information and belief, Defendant SONY CORPORATION OF AMERICA, ("Sony") is a New York Corporation with a principle place of business at 550 Madison Avenue, New York, NY 10022.

13. Upon information and belief, Sony is engaged in the business of providing retail Internet sales of various products, including books in both paper and electronic ("e-book") format, to customers throughout the world including within this judicial district.

## JURISDICTION AND VENUE

14. This action arises out of the U. S. Copyright Laws, 17 U.S.C. §501 et seq.

15. This Court has subject matter jurisdiction over the action pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331.

16. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because the Defendant conducts business within this judicial district, they or their agents or affiliates can be found in this judicial district, and acts giving rise to this complaint are believed to have occurred within this judicial district.

# FACTS

17. Ms. Pettignano is a talented and recognized artist who is both an author and musician. She is a songwriter and has published works of both fiction and non-fiction.

18. Ms. Pettignano's talents have been recognized by many sources in the industry. For example, Ms. Pettignano has appeared several times in television, radio, and magazine interviews, such as CBS Radio, The Barry Z TV/Radio Show, The New Yorker TV Show with James Chladek, The Jo Shenman TV Show, and RAI TV Italian. Ms. Pettignano was interviewed for a show entitled: Bill O' Reily's: What's Happening Now on Fox News, which is awaiting a scheduled air date.

19. Ms. Pettignano has recently been recognized as one of the "50 Great Writers You Should Be Reading" by The Authors Show, and was featured in Entrepreneur Magazine discussing the impact of the 9-11 terrorist attacks on her work as an entrepreneur

20. One of Ms. Pettignano's books is entitled "Suzanne Lantana: A Collection of Short-Stories, Fiction and Non-Fiction" (hereafter referred to as "Suzanne Lantana"). As the name implies, "Suzanne Lantana" is a collection of short stories, both fiction and non-fiction, that demonstrate to young children all over the world that they can overcome any obstacles they face. The stories relate to Ms. Pettignano's real life experiences, as well as creative thinking on things that did not occur in her life. One story partially relates to Ms. Pettignano's true life experiences during the 9-11 terrorist attacks, in which she lost her aunt Arlene T. Babakitis.

21. Ms. Pettignano has filed multiple applications for copyright registration with the United States Copyright Office directed to her books.  True and correct

copies of Ms. Pettignano's copyright registrations on Suzanne Lantana are attached as Exhibit A.

22. Ms. Pettignano has licensed the rights to publish her book in print version only, but explicitly withheld the rights to publish her book, Suzanne Lantana, in electronic book ("e-book") format. Ms. Pettignano intentionally withheld that authorization in order to maintain maximum control over the medium through which she promotes her books.

23. Ms. Pettignano has never authorized any entity to publish an e-book derivative of her work.

24. Each of the defendants in this action maintain websites or online stores that are accessible by and available to users throughout the United States including in this District.

25. Attached as Exhibit B is a true and correct copy of online advertising provided by Defendant Amazon.com, Inc. in which Defendant Amazon.com, Inc. makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

26. Attached as Exhibit C is a true and correct copy of online advertising provided by Defendant Apple, Inc. in which Defendant Apple, Inc. makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

27. Attached as Exhibit D is a true and correct copy of online advertising provided by Defendant Sony Corporation of America in which Defendant Sony. makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

28. Attached as Exhibit E is a true and correct copy of online advertising provided by Defendant Barnes and Noble, Inc. in which Defendant Barnes and

Noble makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

29.    Attached as Exhibit F is a true and correct copy of online advertising provided by Defendant Google, Inc. in which Defendant Google, Inc. makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

30.    Attached as Exhibit G is a true and correct copy of online advertising provided by Defendant Kobo, Inc. in which Defendant Kobo, Inc. makes available for distribution unauthorized e-book copies of Ms. Pettignano's Suzanne Lantana book.

31.    Each of the defendants has, without the permission of Ms. Pettignano, copied, duplicated, and distributed unauthorized e-book copies of Ms. Pettignano's copyrighted "Suzanne Lantana" book in violation of her exclusive rights as a copyright owner.

## CAUSES OF ACTION

### COUNT I
### COPYRIGHT INFRINGEMENT

32.    Ms. Pettignano incorporates the allegations made in paragraphs 1-31 as if fully set forth herein.

33.    Defendant has willfully committed copyright infringement under 17 U.S.C. § 501 *et. seq.*, directly, by inducement, or by way of contributory liability, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by Ms. Pettignano as set forth in 17 U.S.C. § 106, said exclusive rights having been perfected by U.S. Copyright Service Requests as identified in Attached Exhibit A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melissa Pettignano, prays for the following relief:

A. An order entering judgment in favor of Ms. Pettignano and awarding damages to Ms. Pettignano in the amount of Ms. Pettignano's actual damages and any profits of Defendants attributable to the infringing acts alleged herein, or, at her election, an award of statutory damages.

B. An order entering judgment in favor of Ms. Pettignano and enjoining any further acts of infringement of Ms. Pettignano's copyrights and further ordering the destruction of all articles used (such as master disks or data models) in the acts of infringement, consistent with remedies available under 17 U.S.C. § 503.

C. An award of full costs and reasonable attorney's fees against Defendants and in favor of Ms. Pettignano pursuant to 17 U.S.C. § 505.

D. Such other further relief the Court may deem just and proper.

**JURY DEMAND**

Ms. Pettignano demands a trial by jury on all issues presented in this Complaint.

Dated: January 13, 2014                    Respectfully submitted,

                                            */s/ John Whitaker*
                                            John Whitaker, WSBA No: 28868
                                            WHITAKER LAW GROUP
                                            1218 Third Avenue, Suite 1809
                                            Seattle, Washington  98101
                                            Phone (206) 436-8500
                                            Fax (206) 693-2203
                                            *john@wlawgrp.com*

                                            Attorney for Plaintiff Melissa Pettignano